Richard M. Garbarini (RG 5496)
GARBARINI FITZGERALD P.C.

250 Park Avenue, 7th Floor
New York, New York 10177
Telephone: (212)300-5358
Facsimile: (347) 218-9478

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

JOHN EMANUELE,

                Plaintiff,

     v.

PERSONALIZED BEAUTY DISCOVERY, INC. d/b/a
IPSY.COM,

                Defendant,
-----------------------------------------------------------------x

Index No.: 17-cv-4501

**COMPLAINT AND JURY DEMAND FOR DAMAGES FOR COPYRIGHT INFRINGEMENT**

     Plaintiff JOHN EMANUELE, by and through its attorneys at GARBARINI FITZGERALD P.C., brings this Complaint and Jury Demand against defendant PERSONALIZED BEAUTY DISCOVERY, INC. d/b/a IPSY.COM based on its intentional infringement of plaintiff's copyrighted musical work "*Chillin*", U.S. Copyright Registration SR 677-965 (the "Copyrighted Composition"), pursuant to the Copyright Act and Copyright Revisions Act, 17 U.S.C. §§ 101 et seq. (the "Copyright Act" or "Act").

## PARTIES

     1.     At all times material hereto, plaintiff JOHN EMANUELE ("EMANUELE") was, and is, an individual, and resident of Queens, New York.

     2.     A copy of the certificate issued by the U.S. Copyright Office to plaintiff for "*Chillin*" is annexed and incorporated hereto as **Exhibit 1.**

3.	Plaintiff is informed and believes, and on that basis avers, defendant PERSONALIZED BEAUTY DISCOVERY, INC. d/b/a IPSY.COM is a Delaware corporation with a headquarters located at 201 Baldwin Ave. 2nd Floor, San Mateo, CA 94401.  Defendant maintains an office in New York City.

## JURISDICTION

4.	The jurisdiction of this Court is based upon 28 U.S.C. §§ 1331 and 1338 in that this controversy arises under the Copyright Act and Copyright Revision Act of 1976 (17 U.S.C. § 101 et seq.).  This action is a civil action over which this court has original jurisdiction.

**Personal Jurisdiction - CPLR § 302(a)(1)**

5.	This Court has personal jurisdiction pursuant to CPLR § 302(a)(1).

6.	IPSY maintains an office in New York City.

7.	From defendant's website:

HOME > GLAM BAG: BILLING > DO YOU CHARGE SALES TAX?

### Do you charge sales tax?

Due to ipsy's physical presence in California (CA), New York (NY), North Carolina (NC), and Texas (TX), we are required by law to charge sales tax on any orders shipped to those states. The sales tax is automatically calculated based on shipping address and may vary by zip code within a given state.

You will be able to see the sales tax amount before you check out, and it will also be included on your order confirmation email.

8.	IPSY regularly solicits business in this Judicial District.

9. Defendant contracts with New York on a regular basis.

10. Defendant directs its website found at www.ipsy.com at New York.

11. In September 2017, for example, defendant will host a two day beauty program at the Jacob Javits Cent



12. Being that defendant transacts business within the state or contracts anywhere to supply goods or services in the state – this Court has jurisdiction pursuant to CPLR § 302 (a)(1).

**This Court Has Jurisdiction Pursuant to CPLR § 302(a)(3)**

13. CPLR § 302 (a)(3) authorizes this Court to exercise jurisdiction over nondomiciliaries who commit a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if it: (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

(ii)  expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

14. Defendant IPSY synchronized, reproduced, and distributed plaintiff's Copyrighted Compositions in at least two advertisements found at The jurisdiction of this Court is based upon 28 U.S.C. §§ 1331 and 1338 in that this controversy arises under the Copyright Act and Copyright Revision Act of 1976 (17 U.S.C. § 101 et seq.).  This action is a civil action over which this court has original jurisdiction.

**Personal Jurisdiction - CPLR § 302(a)(1)**

15. This is a tort (copyright infringement) committed without the state.

16. The copyright owner resides in this Queens, NY, and the injury was felt in that Judicial District.

17. Defendant regularly do or solicit business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state.

18. Jurisdiction is conferred pursuant to CPLR 302(a)(3) subsection (i).

19. YouTube placed plaintiff's name on each of the Subject Advertisements, and therefore IPSY expected, or should have reasonably expected, its acts to have consequences in New York State and defendant derives substantial revenue from interstate or international commerce.

20. Jurisdiction is conferred pursuant to CPLR 302(a)(3) subsection (ii).

## VENUE

21. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) and/or 28

U.S.C. § 1400(a).

22. Plaintiff has the right to bring the within action pursuant to 17 U.S.C. § 501(b).

23. Plaintiff's copyrighted recordings were registered prior to the alleged infringement, and satisfy the registration prerequisite under 17 U.S.C. 412(c).

## FACTS

24. Defendant created at least two advertisements synchronizing plaintiff's Copyrighted Composition and then distributed them through YouTube at https://www.youtube.com/watch?v=_icue9Cxd1c and https://www.youtube.com/watch?v=Ta3Wmkrz0dU (the "Subject Advertisements").

25. Defendant was put on notice that there was no license for the subject uses prior to the date of this Complaint; defendant elected to continue to infringe.

26. On or about July 7, 2017, counsel for plaintiff sent a cease and desist letter to defendant, notifying defendant that there was no license for the subject uses.

27. Again, defendant elected to ignore the cease and desist letter, and continued to infringe.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT

28. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

29. Defendant has, without a synchronization, or any other, license synchronized plaintiff's copyrighted recording "*Chillin*", to at least two separate advertisements.

30. Defendant, without license or authority, reproduced and distributed plaintiff's copyrighted recording "*Chillin*".

31. It cannot be disputed plaintiff has a valid, registered copyright, for each recording, and that defendant has synchronized, reproduced, and distributed plaintiff's copyrighted recordings without a license, thus infringing plaintiff's rights under the Copyright Act.

32. Irreparable injury is presumed here as plaintiff has established a prima facie case of copyright infringement.

33. Even after defendant was put on notice of the infringement before the date before this action was filed; they elected to continue to synchronize, reproduce, distribute, and publicly perform plaintiff's copyrighted recordings.

34. The synchronization, reproduction, and/or distribution, of the Copyrighted Recording was clearly intentional within the meaning of 17 U.S.C. § 504(c)(2) for the purposes of enhancing statutory damages.

35. Defendant's knowledge may be inferred from their conduct as well as their reckless disregard of plaintiff's rights (rather than actual knowledge of infringement), which suffices to warrant award of the enhanced damages.

36. As a direct and proximate result of defendant's infringement, plaintiff has incurred actual damages in the form of licensing fees, and the forced association with plaintiff has jeopardized other licensing deals.

37. Plaintiff may recover its actual damages, and defendant's profit to be determined at trial.  Plaintiff may also elect to recover statutory damages pursuant to 17 U.S.C. § 504(c)(2) for willful infringement of up to $150,000, but not less than $30,000.

38. Plaintiff also seeks its attorneys' fees and costs, as well as pre-post judgment interest.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays this Court enter an order awarding plaintiff:

1)  restitution of defendant's unlawful proceeds, including defendant's gross profit from the sale of the residences depicted;

2)  compensatory damages to plaintiff in an amount to be ascertained at trial;

3)  one statutory damage award infringed, including but not limited to all penalties authorized by the Copyright Act (17 U.S.C. §§ 504(c)(1), and 504(c)(2)) at plaintiff's election.

4)  plaintiff's reasonable attorneys' fees and costs (17 U.S.C. § 505);

5)  pre- and post-judgment interest to the extent allowable; and,

6)  such other and further relief that the Court may deem just and proper.

### JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: July 31, 2017

**GARBARINI FITZGERALD P.C.**

By: _____
Richard M. Garbarini (RG 5496)
250 Park Avenue, 7th Floor
New York, New York 10177
Telephone: (212) 300-5358
Facsimile: (347) 218-9479